UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

KIM MORTIMER,

                Appellant,

-against-

HEIDI J. SORVINO, *Chapter 11 Trustee*, et al.,

                Appellees.

20 Civ. 4032 (LGS)

ORDER

LORNA G. SCHOFIELD, United States District Judge:

    WHEREAS, on May 13, 2020, pro se Appellant filed a motion to stay in Appellant's bankruptcy proceeding before the United State Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pending the instant appeal of the Bankruptcy Court's order directing the appointment of a Chapter 11 Trustee ("Direction Order"). The motion to stay was denied.

    WHEREAS, on August 7, 2020, Appellee Heidi Sorvino, the appointed Chapter 11 Trustee, filed a motion in the Bankruptcy Court, seeking orders authorizing the sale of the Property (the "Sale Motion"), and the Bankruptcy Court has not yet ruled on such motion.

    WHEREAS, on August 14, 2020, Appellant filed a motion to stay the marketing of and potential sale of Appellant's apartment building located at 60 West 91st Street, New York, New York 10024 (the "Property") in the district court. (Dkt. No. 18). Appellee filed an opposition to the motion for stay on the bases that the motion fails to comply with Federal Rule of Bankruptcy Procedure ("FRBP") 8007 and does not meet the standard for granting a stay of bankruptcy proceedings. (Dkt. No. 19).

    WHEREAS, Appellant's motion to stay should be construed liberally as she is proceeding *pro se*. *See In re Motors Liquidation Co.*, No. 12 Civ. 4138, 2013 WL 143805 (S.D.N.Y. Jan. 10,

2013) (citing *Harris v. City of NY*, 607 F.3d 18, 24 (2d Cir. 2010)).  Appellant appears to seek a stay of the Direction Order pending the appeal, as previously sought in the Bankruptcy Court.

WHEREAS, the district court, in determining whether to grant a stay under FRBP 8007, considers four factors: (1) the likelihood that the party seeking the stay will prevail on the merits on the appeal, (2) the likelihood the moving party will be irreparably harmed absent a stay, (3) the prospect that others will be harmed if a stay is granted and (4) the public interest in granting the stay.  *See In re Anderson*, 560 B.R. 84, 88 (S.D.N.Y. 2016).  Some courts in the Second Circuit balance these factors, while others hold that a failure to satisfy any one is dispositive to the success of the motion.  *Id.* at 89, n.5.

It is hereby

**ORDERED** that the motion to stay is DENIED.  Even assuming irreparable harm, a stay is not warranted because the evidence does not support finding  any of the other factors, including importantly, the first factor.

The first factor -- the likelihood that the movant will prevail on the merits of the appeal -- is a "critical" factor in this analysis.  *See Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *accord In re Taneja*, No. 18 Civ. 9429, 2018 WL 6039388, at *1 (S.D.N.Y. Oct. 23, 2018).  The record does not show a probability, much less a substantial possibility, of success on the instant appeal of the Direction Order.  Appellant argues a likelihood of success because her Fourth Amendment and Sixth Amendment rights were allegedly violated by the Chapter 11 Trustee, but the record provides insufficient support for these allegations.  To the extent the argument is the same as that made before the Bankruptcy Court on the initial motion to stay -- that the Chapter 11 Trustee and a creditor acted in an aggressive manner at the Property -- these alleged acts occurred following

the appointment of Appellee as Chapter 11 Trustee and cannot make it more likely that the order *directing* the appointment of a Chapter 11 Trustee was erroneous.

Regarding the third factor -- the prospect that others will be harmed -- the record does not show that the "balance of harms tips in favor of granting the stay." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016). Appellee has explained that a stay would result in accruing interest on the secured claim, which could likely harm other creditors. As to the public interest, the record does not provide information on how the public interest would be affected by denying the motion to stay. Here, a stay may very well impede the public interest in the administration of bankruptcy estates. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 349 (S.D.N.Y. 2007) ("The public interest favors the expedient administration of the bankruptcy proceedings."). For the foregoing reasons, the motion to stay is denied.

To the extent that Appellant seeks to stay an order authorizing the sale of the Property, the Court does not have jurisdiction as the Bankruptcy Court has not yet ruled on the Sale Motion. To the extent Appellant seeks an injunction or suspension of the proceedings, the record contains insufficient evidence that moving first in the bankruptcy court would be impracticable as required by FRBP 8007(b)(2)(A). Impracticability cannot be shown based on the record here.

The Clerk of Court is respectfully directed to close Dkt. No. 18.

Dated: August 31, 2020
      New York, New York

                                                LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE