```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  In re:                                                    :
                                                            :
  60 91ST STREET CORP.,                                     :
                                    Debtor.                 :
                                                            :
------------------------------------------------------------:
                                                            :
  KIM MORTIMER,                                             :      20 Civ. 4032 (LGS)
                                    Appellant,              :
                                                            :
                    -against-                               :
                                                            :      OPINION AND ORDER
  HEIDI J. SORVINO, as CHAPTER 11                           :
  TRUSTEE,                                                  :
                                                            :
                                    Appellee.               :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      Pro se Appellant Kim Mortimer is the sole shareholder and principal of the Debtor, 60 91st Street Corp. She appeals the April 28, 2020, Order of the Bankruptcy Court for the Southern District of New York, directing the appointment of a Chapter 11 trustee for the Debtor's bankruptcy estate (the "Order"). The Bankruptcy Court subsequently approved Appellee Heidi J. Sorvino as the Chapter 11 trustee (the "Trustee"). For the following reasons, the appeal is dismissed, and the Order is affirmed.

### I. BACKGROUND

      The Debtor owns an apartment building at 60 West 91st Street in Manhattan. On February 4, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. A meeting of creditors, known as a section 341 hearing, was held on March 2, 2020, (the "Section 341 Meeting") where counsel for Appellant

represented that cash or other receipts generated in the course of business (the "Cash Collateral") would not be spent without reaching a budget agreement with the Debtor's pre-petition lender, 2386 Hempstead, Inc.[1]

On April 14, 2020, the Bankruptcy Court held a status conference (the "April 14 Hearing") during which Appellant conceded that she had appropriated Cash Collateral for both business operations and personal use without court permission, even though she had been instructed it was unlawful to do so. Appellant's failure to produce other information relevant to the Debtor's likelihood of successful restructuring was also discussed. On April 28, 2020, the Bankruptcy Court held another status conference (the "April 28 Hearing") and found cause for the appointment of a Chapter 11 trustee based on Appellant's inability to perform her duties under the Bankruptcy Code, as demonstrated by her failure to cure prior deficiencies and her continued use of the Cash Collateral reflected in the March monthly operating report. Following the April 28 Hearing, the Bankruptcy Court entered the Order directing the appointment of a Chapter 11 trustee, the subject of this appeal.

Appellant challenges the Order primarily on grounds that she was not afforded due process in connection with the Bankruptcy Court's *sua sponte* appointment of the Trustee.[2] Appellant did not raise these challenges when this Court adjudicated her August 14, 2020, motion to stay any sale, marketing, auctioning or advertising action proposed by the Trustee

---

[1] Although no transcript is available from the Section 341 Meeting, the April 14 hearing transcript shows both that the meeting occurred and what was discussed.

[2] Appellant filed a separate action in this District against Appellee and Grodsky, which was dismissed for failure to state a claim. *See Mortimer v. Grodsky*, No. 20 Civ. 8192, 2020 WL 6729118, at *5 (S.D.N.Y. Nov. 13, 2020). In that action, Appellant alleged that "the Bankruptcy Court violated her constitutional rights of procedural and substantive due process" by failing to provide notice of the appointment of a Chapter 11 trustee. *See id.* at *2. The District Court acknowledged that the instant appeal of the Order was pending and did not address Appellant's allegations about the appointment. *See id.* at *3.

pending the instant appeal. In support of a stay, Appellant argued only that the Trustee and a principal of 2386 Hempstead, Inc., Scott Grodsky ("Grodsky") had violated her constitutional rights, including under the Fourth and Sixth Amendment, based on alleged acts irrelevant to this appeal. This Court primarily denied Appellant's motion to stay on the basis that Appellant had not met her burden of showing a likelihood of success on the instant appeal based on the available record.[3] *See Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *accord In re Taneja*, No. 18 Civ. 9429, 2018 WL 6039388, at *1 (S.D.N.Y. Oct. 23, 2018).

## II.     LEGAL STANDARD

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard." *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019) (internal citation and alterations omitted). "Matters left to the court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal citation omitted); *accord In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997) (reviewing bankruptcy court's decision regarding an automatic stay for abuse of discretion). Accordingly, "[a] bankruptcy court's determination of whether to appoint a trustee is reviewed under an abuse of discretion standard." *In re Eljamal*, No. 17 Civ. 7870, 2018 WL 4735719, at *5 (S.D.N.Y. Sept. 28, 2018) (internal citation and alteration omitted). "A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or where it commits a clear error of judgment." *Id.* (citing, *e.g.*, *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998)). Factual findings are clearly erroneous "where a reviewing court is 'left with the definite and firm conviction that a mistake

---

[3] The transcripts of the April 14 and April 28 Hearings were not considered as they had not yet been designated as part of the record on appeal. Since then, the parties have supplemented the record with the hearing transcripts.

has been committed.'" *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 582 (S.D.N.Y. 2019) (quoting *In re Manville Forest Prods. Corp.*, 896 F.3d 1384, 1388 (2d Cir. 1990)).

A pro se filing is granted "special solicitude" and is interpreted "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). Appellant states in her reply memorandum of law that she did not receive a copy of Appellee's declaration, if one was submitted. Appellant is advised that the October 26, 2020, certificate of service confirms that Appellant was sent by e-mail and mail Appellee's filings in opposition to the appeal and that Appellee did not submit any declaration.

## III.    DISCUSSION

The Bankruptcy Court did not abuse its discretion when it directed the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)(2). Chapter 11 of the Bankruptcy Code is designed "to permit a debtor to remain in . . . management and control of the debtor's businesses and properties." *See In re Futterman*, 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018). There is "a strong presumption that the debtor should be permitted to remain in possession absent a showing of need for the appointment of a trustee." *See In re China Fishery Grp. Ltd.*, 16 Bkr. 11895, 2016 WL 6875903, at *15 (Bankr. S.D.N.Y. Oct. 28, 2016) (internal citation omitted) ("The appointment of a Chapter 11 trustee is an extraordinary remedy and is the exception, not the rule."). Section 1104(a) of the Bankruptcy Code recognizes that certain circumstances *require* the appointment of a Chapter 11 trustee.[4] Construing Appellant's submissions liberally,

---

[4] Section 1104(a) provides that the court shall appoint a trustee "[a]t any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing . . . for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause." 11 U.S.C. § 1104(a).

4

Appellant argues that the Bankruptcy Court abused its discretion in directing the appointment of a trustee because (1) the evidence was insufficient to support the Bankruptcy Court's factual finding of cause; (2) the Bankruptcy Court lacked statutory authority to appoint a trustee *sua sponte*; and (3) the *sua sponte* appointment violated due process. These arguments are addressed in turn.

First, the Bankruptcy Court's factual determination that cause existed to require the appointment of a Chapter 11 trustee was not clearly erroneous based on the record. A bankruptcy court has broad discretion in determining whether certain conduct "rises to the level of 'cause' for the appointment of a trustee." *See In re Futterman*, 584 B.R. at 616 (citing *In re Ashley River Consulting, LLC*, No. 14 Bkr. 13406, 2015 WL 1540941, at *10 (Bankr. S.D.N.Y. Mar. 31, 2015)). Courts have held that "the particular items listed in Section 1104(a)(1) are not exclusive and that factors that may constitute cause for the appointment of a trustee include . . . misuse of assets and funds, inadequate record-keeping and reporting, and various instances of conduct found to establish fraud or dishonesty, lack of credibility, and lack of creditor confidence." *Id.* (citing *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *vacated in part on other grounds*, 254 B.R. 509 (D. Conn. 2000)). Here, Appellant was acting on behalf of the debtor-in-possession, admitted to misusing funds by making a payment to herself without authorization, misrepresented the timing of when such misuse would cease, failed to cure the deficiency of assets and incurred unauthorized transfers of assets for personal use despite repeated warnings. The Bankruptcy Court found that Appellant's conduct amounted to "a virtual[,] complete lack of compliance with what [the Court has] directed" and the Bankruptcy Code, and that Appellant could not comply with her managerial obligations under the Bankruptcy Code to preserve the value of the estate going forward. This finding establishes

"similar cause" under § 1104, warranting the appointment of a trustee. *See In re Futterman*, 584 B.R. at 618-19 (finding appointment of a Chapter 11 trustee appropriate where the debtor-in-possession abused his fiduciary duty and "d[id] not have the confidence of his main creditors"); *In re China Fishery Grp.*, 2016 WL 6875903 at *18 (recognizing that the existence of "conflict[]" between the debtor's management and its creditors warrants the appointment of a Chapter 11 trustee).

Second, the Bankruptcy Court did not err as a matter of law by acting *sua sponte* to appoint a Chapter 11 trustee. When grounds for appointment of a Chapter 11 trustee have been established under § 1104, a bankruptcy court may exercise its broad discretion to appoint a trustee *sua sponte*. *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); *see also, e.g.*, *United States v. Bond*, 762 F.3d 255, 260 n.4 (2d Cir. 2014) ("Although Section 1104(a) requires that a party in interest request the appointment of a trustee, the bankruptcy court is permitted to appoint a trustee *sua sponte*"); *In re Wings Dig. Corp.*, 05 Bkr. 12117, 2005 WL 3789334, at *4 (Bankr. S.D.N.Y. May 16, 2005) ("Bankruptcy courts have broad discretion to appoint a trustee, and may do so *sua sponte*"). Because the Bankruptcy Court had sufficient grounds to appoint a Chapter 11 trustee, the court acted within its statutory authority and did not err as a matter of law by acting *sua sponte*.

Third, Appellant asserts that the Bankruptcy Court's *sua sponte* appointment deprived her of procedural due process and violated the Bankruptcy Code's provision that a trustee shall be

6

appointed "after notice and a hearing." 11 U.S.C. § 1104(a).[5] Pursuant to the Due Process Clause of the Fifth Amendment, "deprivation of . . . property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 313 (1950); *accord Jones v. Flowers*, 547 U.S. 220, 223 (2006). The Bankruptcy Code's notice and hearing provisions are founded on this fundamental notion of procedural due process. *See Campos v. Aegis Realty Mgmt. Corp.*, 19 Civ. 2856, 2020 WL 433356, at *7 (S.D.N.Y. Jan. 28, 2020) (citing *Mullane*, 339 U.S. at 314). The Bankruptcy Code defines the phrase "after notice and a hearing" as "notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A). This is in accord with the Supreme Court's instruction that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314 (citations omitted).

The Bankruptcy Court did not commit a clear error of judgment in determining that the notice and hearing afforded were reasonably appropriate under the circumstances. Appellant argues that she was not given actual notice that the Bankruptcy Court would consider a *sua sponte* appointment until the Bankruptcy Court directed the appointment of a Chapter 11 trustee at the April 28 Hearing. This argument is unpersuasive because less rigorous notice procedures

---

[5] Appellant also challenges the appointment as a violation of substantive due process because the *sua sponte* appointment removed her "from operating, managing and earning a living." The record does not show that the Order was so shockingly abusive or arbitrary as to give rise to a substantive due process violation. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (substantive due process protects individuals from arbitrary, conscience-shocking, or oppressive government action); *accord Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) ("The interference with the . . . protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." (internal citation omitted)).

7

are reasonably appropriate when cause motivating the appointment is particularly strong.  *See In re Bibo, Inc.*, 76 F.3d 256, 257, 259 (9th Cir. 1996) (bankruptcy judge's *sua sponte* appointment of a Chapter 11 trustee during a hearing scheduled for a separate matter constituted sufficient notice under the circumstances, because appellant, acting as the manager of the debtor-in-possession, posed a threat to the interests of the debtor's creditors).  Here, the Bankruptcy Court did not abuse its discretion in determining that it was sufficient for Appellant to have had notice that she was legally required not to use the Cash Collateral and that she would not be permitted to violate Chapter 11 and reap its benefits.  At the April 14 Hearing, the Bankruptcy Court reminded Appellant of the potential consequences of her misconduct, stating: "You cannot enjoy the protections of [C]hapter 11 without following the rules . . . I've tried to explain this very clearly before."  Debtor's counsel was also directed to explain to Appellant her obligations.  At the April 28 Hearing, the Bankruptcy Court afforded Debtor's counsel the opportunity to respond on the issue of appointment and allowed Appellant an opportunity to be heard following the ruling.  Appellant did not object at that time that she had had insufficient notice or an inadequate opportunity to be heard.  Under the circumstances, the Bankruptcy Court did not abuse its discretion in its appointment of a Chapter 11 trustee.

## IV.  CONCLUSION

For the foregoing reasons, Appellant's appeal is DISMISSED, and the Order is AFFIRMED.  In the opening memorandum of law, Appellant renews her request to stay all actions with respect to the sale, marketing, auctioning or advertising of the Debtor's assets, which is DENIED as moot.

Dated: March 8, 2021
       New York, New York

                                        LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE